**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 04-cv-2492-LTB-PAC

JAMES E. HURLEY,

    Applicant,

v.

J. L. NORWOOD, Warden,

    Respondent.

_____

**RESPONDENT'S ANSWER TO MINUTE ORDER, DATED
JUNE 28, 2005**

_____

    The Respondent, by the Acting United States Attorney for the District of Colorado, William J. Leone, and by the undersigned Assistant United States Attorney, files this answer to the Minute Order, dated June 28, 2005. The Respondent states as follows:

    1. The Applicant prevailed in a habeas corpus petition filed pursuant to 28 U.S.C. § 2241. The Order, which adopted the recommendation of the Magistrate Judge, was filed on May 2, 2005, and was entered on May 4, 2005. The Order directed that relief be granted on

1

or before 30 days had elapsed from the date of the Order. The relief which was adopted was that the Bureau of Prisons (BOP) was ordered to reconsider the Applicant's placement for community corrections center (CCC) placement in its discretionary authority pursuant to 28 U.S.C. § 3621(b).

2. In a letter dated May 25, 2005, which was filed with the Court, Warden W. A. Sherrod informed the Court that the Applicant was reconsidered for CCC placement. This letter stated that the Applicant was not then "appropriate for immediate CCC placement at this time."

3. Since that time the Applicant has filed a second habeas corpus petition (as allowed by the favorable recommendation and adoption of the recommendation). In addition, the Applicant has filed many other documents since the BOP action regarding CCC placement. Among those filings, the Applicant has asked the depositions be taken pursuant to Rule 27(b), F.R.C.P. and that the Court appoint someone pursuant to Rule 70, F.R.C.P., so that this person may "perform . . . the specific act" of effectuating the Court's Order regarding CCC reconsideration for placement.

4. In the Minute Order dated June 28, 2005, the Court had ordered

that the Respondent respond to the motions pursuant to Rule 27(b) and to Rule 70, F.R.C.P. The Court "liberally construes the *pro se* Applicant's Rule 70 motion, in part, as a motion to hold Respondent in contempt for failure to comply with the District Judge's May 2, 2005 Order."

5.   Both motions of the Applicant are inappropriate for this proceeding and should be denied. In addition, no contempt has been committed by the Respondent or any other BOP or Department of Justice official. The Order of May 2, 2005, has been complied with in good faith. No additional evidence or action is required. In the alternative, there are procedures which may be employed by the Court if any further action on the part of BOP is required. Certainly, a show cause order regarding contempt is not required.

6.   Depositions pursuant to Rule 27(b) would be inappropriate here. As this Court knows, limited discovery, if necessary, can be ordered in a habeas corpus case. *See Vincent v. Louisiana*, 469 U.S. 1166, 1169 (1985). However, the ordering of depositions is far from the typical case and often is fraught with irrelevant complications and distractions in a habeas corpus action. In addition to the previously-submitted letter, the Respondent has attached to this filing two declarations explaining what

occurred in the reconsideration of the Applicant's CCC placement. First, there is the Declaration of Benjamin J. Brieschke. Second, there is the Declaration of Jeff Butler, which has two attachments. These declarations sufficiently set out the good-faith efforts made by BOP to carry out the Order of May 2, 2005, and they provide a rational basis for the decision by BOP. If any questions remain unanswered, which does not appear to be the case, this Court has the authority to order the Respondent to provide further answers or additional documents. Or, if necessary, which also does not appear to be the case, the Court can order an evidentiary hearing to have live testimony (presumably from non-counsel) regarding the decision as to the Applicant's CCC placement.

7. Neither would it be appropriate to order, pursuant to Rule 70, the appointment of another to make a decision regarding inmate placement. First, inmate placement statutorily is within the discretion of the BOP, although, of course, such placement must be in compliance with the law. Second, Rule 27(b) obviously relates to ministerial acts. As this Court has ordered in this case, CCC placement is a discretionary action on the part of BOP under the statute.

8. There is no evidence of contempt on the part of BOP or any other

government official in this proceeding.  As ordered, BOP made a determination on the Applicant's CCC placement.  There was no dilatory delay.  *Contrast Palmigiano v. Garrahy*, 448 F. Supp. 659, 672 (D. R.I. 1978).  Neither has the BOP exhibited contempt or disrespect by not ruling in compliance with the wishes of the Applicant.  The evidence indicates that BOP used its discretion as ordered by this Court.

9.   Finally, while the Applicant has filed a second habeas corpus, it is not even clear that the Applicant would prevail in that new proceeding, under the new rule in place regarding CCC placement.  *See Yip v. Federal Bureau of Prisons*, 363 F. Supp. 2d 548, 552 (E.D. N.Y. 2005) (BOP is authorized to create "categorical" rule which causes all CCC placement to be handled the same).

THEREFORE, for the reasons stated herein, the Respondent respectfully asks that this Honorable Court deny the aforementioned motions of the Applicant.   In addition, there has been no evidence of contempt in this case.

Respectfully submitted,
William J. Leone
Acting United States Attorney


s/_____
John M. Hutchins
Assistant U.S. Attorney
1225 Seventeenth Street, Ste. 700
Seventeenth Street Plaza
Denver, CO 80202
Telephone: (303) 454-0200
FAX: (303) 454-0402
E-mail: john.hutchins@usdoj.gov
Attorneys for Respondent

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that one this 18th day of July, 2005, I electronically filed the foregoing **RESPONDENT'S ANSWER TO MINUTE ORDER, DATED JUNE 28, 2005** with the Clerk of Court using the ECF system which will send notification of such filing to the following e-mail address:

Benjamin Brieschke, Esq.
Attorney Advisory
bbrieschke@bop.gov
[BOP legal office, FCI-Florence]

I hereby certify that a copy of the above and foregoing **RESPONDENT'S ANSWER TO MINUTE ORDER, DATED JUNE 28, 2005** was mailed on the 18th day of July, 2005, postage prepaid, addressed to the following:

James E. Hurley
Reg. No. 27854-177
FPC - Englewood
9595 W. Quincy Ave.
Littleton, Colorado  80123

Benjamin J. Brieschke, Esq.
Attorney Advisor
Federal Correctional Complex - Legal Dept.
P.O. Box 8500
Florence, Colorado  81226

        s/_____
John M. Hutchins
Assistant U.S. Attorney
United States Attorney's Office